**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH COFFEY, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| KERRISDALE CAPITAL MANAGEMENT, LLC, and SAHM ADRANGI, | ) ) ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Defendants. | ) | |

## SECURITIES CLASS ACTION COMPLAINT

Plaintiff, ELIZABETH COFFEY, individually, and on behalf of all others similarly situated, by and through her undersigned attorney, based upon personal knowledge and on information and belief derived from investigation of counsel, and a review of public documents as to all other matters, complains against Defendants, KERRISDALE CAPITAL MANAGEMENT, LLC and SAHM ADRANGI, as follows:

## INTRODUCTION AND BACKGROUND

1.  This case involves a violation of the United States Securities Exchange Act of 1934, Rule 10b-5(a) & (c) and Section 9(b), as amended, by Defendants, Kerrisdale and Adrangi, "activist" short-sellers of common stock in the publicly-listed and traded C3.ai, Inc., a technology company, when they issued a written letter on April 4, 2023, which was widely disseminated to the public and available on its website and contained false and deceptive statements for the purpose of manipulating and driving down the price of the common stock in C3.ai,

Inc. in order to "cover the short" and generate substantial profits to Kerrisdale and its affiliates. (the "April 4, 2023 Letter").

2.  The April 4, 2023 Letter authored by Kerrisdale and Adrangi, an "activist" short-seller of shares of stock in C3.ai, Inc., accused C3.ai., Inc. of, among other things, knowingly creating financial statements that contain "deceitful accounting," "to fool market participants by painting a false portrait of the company's profit and loss," and "trying to cover up a failing business." The April 4, 2023 Letter also accused Deloitte & Touche LLP, one of the nation's leading auditing, accounting and consulting firms, and C3.ai, Inc.'s auditor of, among other things, "rubber stamping fraudulent accounting" and directed Deloitte & Touche LLP "to come clean in its upcoming audit or resign."

3.  The April 4, 2023 Letter had the effect specifically intended by Kerrisdale and Adrangi on the day of its release to the public as well as the following day (April 5, 2023), of driving down the price of the common shares of stock in C3.ai, Inc. by over one-quarter (1/4) of their value, resulting in a loss to its market capitalization in an amount in excess of one-billion dollars ($1,000,000,000), causing Kerrisdale and Adrangi to reap substantial profits in Kerrisdale's short position on the C3ai, Inc. common stock.

4.  It is expected that until these misstatements by Kerrisdale and Adrangi are corrected, the price of the common shares of C3.ai. Inc. will continue to decline as a result of the false accusations set forth in the April 4, 2023 Letter.

**PARTIES AND OTHERS**

5.   Plaintiff, Elizabeth Coffey, is an individual and citizen of the State of Illinois, residing at 1717 Ridge Avenue, Unit 503, Evanston, Illinois 60201.

6.   Defendant, Kerrisdale Capital Management, LLC ("Kerrisdale"), is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 1000 5th Street, Suite 401, Miami Beach, Florida 33139. Kerrisdale is a short-seller of stock including common shares in C3.ai, Inc.  Kerrisdale maintains a website open, in part, to the public located at www.kerrisdale.com. Kerrisdale is referred to in the industry as an "activist" short seller of shares of common stock. Kerrisdale and Adrangi's routine practice is to target a particular company and recommend, through their public criticism of the target, that the investing public take a "bear" position with respect to the same. This unlawful strategy, if successful, results in a manipulation of the market and allows Kerrisdale to reap huge profits at the expense of the investing public as well as the target itself.

7.   Defendant, Sahm Adrangi ("Adrangi"), is an individual and citizen of the State of Florida residing in or around Miami Beach, Florida. Adrangi is the Chief Investment Officer of Kerrisdale and is the author of the April 4, 2023 Letter.  Adrangi is also the chief "activist" at Kerrisdale responsible for the manipulation of markets for the purpose of profiting from its short positions.

8.    C3.ai, Inc. is a corporation organized and existing under the laws of the State of California based in Redwood, California, at 1400 Seaport Boulevard. C3.ai, Inc. is a leading Enterprise AI (artificial intelligence) software provider for accelerating digital transformation. Shares of the common stock of C3.ai, Inc. are traded on the New York Stock Exchange under the symbol "AI."

9.    Deloitte & Touche LLP is a limited liability partnership with offices located throughout the United States and is in the business of providing auditing, accounting and consulting services. Deloitte & Touche LLP currently provides auditing services to C3.ai, Inc.

## <u>JURISDICTION AND VENUE</u>

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and Exchange Act Section 27; 15 U.S.C § 78aa(a). The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, there are more than 100 putative class members.

11.   This Court has personal jurisdiction over Kerrisdale and Adrangi because they are regularly conducting business in the State of Illinois and the publication of the April 4, 2023 Letter at issue in this case was made in this state and District.

12.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Kerrisdale resides in this District, and many of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTS SPECIFIC TO PLAINTIFF**

13.    On or about March 6, 2023, Coffey purchased 5.33426 shares of the common stock of C3.ai, Inc. through her SoFi brokerage account at a purchase price of approximately $28.12 per share or a total of $150.00.

14.    After the release of the April 4, 2023 Letter by Kerrisdale and Adrangi to the public on its website and otherwise, on April 5, 2023, Coffey sold her 5.33426 shares in C3.ai, Inc. through her SoFi brokerage account at a sale price of approximately $23.56 per share, or a total of $125.70, for a loss of $24.30.

15.    The decline in the share price of common stock in C3.ai, Inc. purchased by Coffey on or about March 6, 2023, was directly and substantially attributable to the contents of the April 4, 2023 Letter made public by Kerrisdale and Adrangi for the purpose of unlawfully manipulating the markets.

**ALLEGATIONS COMMON TO ALL COUNTS**

16.    On or beforeApril 4, 2023, Kerrisdale, through its Chief Investment Officer, Adrangi, made public via its website and otherwise a letter addressed to Deloitte & Touche LLP, C3.ai, Inc. and the Securities & Exchange Commission that claimed that the publicly-listed and traded technology company known as C3.ai., Inc. (NYSE: AI) had conspired with Deloitte & Touche LLP, its auditor, to create and disseminate to the public false and deceptive financial statements and was essentially worthless.

17.     More specifically, the April 4, 2023 Letter accused C3.ai., Inc. of knowingly creating financial statements that contain "deceitful accounting," "to fool market participants by painting a false portrait of the company's profit and loss," and "trying to cover up a failing business."

18.     The April 4, 2023 Letter further accused Deloitte & Touche, LLP, C3.ai, Inc.'s auditor of, among other things, "rubber stamping fraudulent accounting." The April 4, 2023 Letter recommended that Deloitte & Touche LLP "come clean in its upcoming audit or resign." (A copy of the April 4, 2023 Letter is attached hereto as Exhibit "A" and made a part hereof).

19.     As a result of the dissemination of the April 4, 2023 Letter by Kerrisdale and Adrangi, on April 4, 2023, the common stock price of C3.ai, Inc. dropped by almost thirty-six percent (36%), from $34.50 per share on April 3, 2023, to $22.00 (at the close on April 4, 2023) and lost a market capitalization in one day in the amount of approximately one-billion dollars ($1,000,000,000).

20.     After the extensive republication of the April 4, 2023 Letter on April 5, 2023, on *Seeking Alpha* and other public media websites, as well as highlighted in multiple news broadcasts on CNBC TV that morning referencing the letter, the price of C3.ai, Inc. shares declined by an additional 15.47% before the formal close of the market, and fell another 1.33% after hours, representing an additional loss of market capitalization of a total of approximately $421,000,000.

## CLASS ACTION ALLEGATIONS

21.     Pursuant to Federal Rule of Civil Procedure ("FRCP") 23(a), (b)(2), and (b)(3), Plaintiff brings this action on behalf of herself and the following Multi-State Class: Any person who has sold a share or shares of the common stock of C3.ai, Inc. residing in the fifty (50) states, and the District of Columbia, on or after April 4, 2023, within the applicable statute of limitations (the "relevant period"); buyers of call options on C3.ai., Inc. who were long the call option as of April 4, 2023; and sellers of put options on C3.ai., Inc. who were short the put position as of April 4, 2023.

22.     Excluded from the Class are Kerrisdale, Adrangi and Kerrisdale's officers, directors, legal representatives, successors, subsidiaries, and their assigns and any judicial officer presiding over this matter, members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court who may hear an appeal of any judgment entered.

23.     Certification of Plaintiff's claims for Class-Wide treatment is appropriate because Plaintiff can prove the elements of her claim on a Class-Wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

24.     This action has been brought and may be properly maintained on behalf of the Multi-State Class proposed hereunder under FRCP 23, and satisfies its numerosity, commonality, typicality, adequacy and predominance, and superiority requirements.

25. Plaintiff reserves the right to amend the Multi-State Class definitions based upon information learned through discovery.

### Numerosity - FRCP 23(a)(1)

26. Consistent with FRCP 23(a)(1), the members of the Class are so numerous and geographically dispersed that joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, there are believed to be thousands of investors in the common stock of C3.ai, Inc. who were negatively impacted by the April 4, 2023 Letter and its false contents.

### Commonality and Predominance - F R C P 23(a)(2) and (b)(3)

27. This action involves common questions of law and fact that predominate over any questions affecting individual Class members. Common questions include, but are not limited to:

   a. Whether Kerrisdale and/or Adrangi engaged in the conduct alleged herein;

   b. Whether Kerrisdale and/or Adrangi engaged in the conduct alleged herein for the purpose of manipulating the share price of C3.ai, Inc.;

   c. Whether Kerrisdale and/or Adrangi engaged in the conduct alleged herein for the purpose of profiting from their manipulation of the share price of 3C.ai, Inc.;

   d. Whether the conduct engaged in by Kerrisdale and/or Adrangi was violative of the Securities Exchange Act, Rule 10b-5(a), 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5);

e. Whether the conduct engaged in by Kerrisdale and/or Adrangi was violative of the Securities Exchange Act, Rule 10b-5(c), 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5); and

f. Whether the conduct engaged in by Kerrisdale and/or Adrangi was violative of the Securities Exchange Act, Section 9(b), 15 U.S.C. § 78i.

## Typicality - FRCP 23(a)(3)

28. Plaintiff's claims are typical of other Class members' claims because Plaintiff and the Class members were subjected to the same alleged unlawful conduct and damaged in the same way, *i.e.*, they all sold shares of stock in C3.ai, Inc. after the false and deceptive reporting of Kerrisdale and Adrangi in the April 4, 2023 Letter as alleged herein.

## Adequacy - FRCP 23(a)(4)

29. Consistent with FRCP 23(a)(4), Plaintiff, and her counsel, will fairly and adequately represent the Class and have the best interests of the members of the Class in mind. Plaintiff and her counsel are not aware of any conflicts of interest with the Class. Plaintiff's counsel is also competent and experienced in litigating federal and state court class actions, including handling securities litigation matters. Plaintiff and her counsel intend to vigorously prosecute this case in the best interest of the Class.

## Superiority - FRCP 23(b)(3)

30. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the Class is impracticable. Many Class

members are, or may be, without the financial resources necessary to pursue this matter, and even if some could afford to litigate claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed.

31.    Individual litigation also increases the time and expense of resolving a common dispute concerning Kerrisdale's and Adrangi's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court

32.    The Class may be certified pursuant to FRCP 23(b)(2) because, *inter alia*, Kerrisdale and Adrangi acted on grounds generally applicable to the Class, thereby making final compensatory relief appropriate with respect to the claims raised by the Class.

33.    The Class may also be certified pursuant to FRCP 23(b)(3) because questions of law and fact common to members of the Class will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Class Action Complaint.

**COUNT I**

**(Violation of the Securities Exchange Act of 1934,
Rule 10b-5(a), 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5),**

34.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33 of the Securities Class Action Complaint as Paragraphs 1 through 33 of Count I of the Securities Class Action Complaint as though actually set forth herein.

35.    Rule 10b-5(a) prohibits the use of a fraudulent "device, scheme or artifice."

36.    As alleged herein, both Kerrisdale and Adrangi engaged in conduct intended to manipulate unlawfully the share price of C3.ai, Inc. when they authored and disseminated to the public on Kerrisdale's website and otherwise the April 4, 2023 Letter.

37.    The statements made in the April 4, 2023 Letter regarding the purported collusion between C3.ai, Inc. and Deloitte & Touche LLP were false when made, or at a minimum were made recklessly, and Kerrisdale and Adrangi knew that the allegations of collusion were false (or acted recklessly) at the time they were made publicly.

38.    In the April 4, 2023 Letter, neither Kerrisdale nor Adrangi set forth any evidence of actual collusion between the national public accounting, auditing and consulting firm Deloitte & Touche LLP and C3.ai, Inc.

39.    The statements made in the April 4, 2023 Letter regarding the purported fraudulent nature of the financial statements and reporting of C3.ai, Inc. were false when made, or at a minimum were made recklessly, and Kerrisdale and Adrangi knew that the allegations regarding the same were false (or acted recklessly) at the time they were made publicly.

40.     The false and deceptive statements reflected in the April 4, 2023 Letter were made by Kerrisdale and Adrangi for the purpose of unlawfully manipulating the stock markets in order that they might reap the profits of an artificially-created investor panic as a result of the short position that Kerrisdale held in the common shares of C3.ai, Inc.

41.     Kerrisdale and Adrangi acted in a fashion, as alleged herein, that was designed to affect the price of the shares of C3.ai, Inc. by simulating market conditions that do not reflect genuine investor demand.

42.     The conduct of Kerrisdale and Adrangi had its intended effect as it wrongfully drove down the price of the shares of C3.ai, Inc., causing Kerrisdale to profit substantially from its large short position in the stock.

43.     As a direct and proximate result of the fraudulent device, scheme and artifice, in this instance the April 4, 2023 Letter, Plaintiff and the Plaintiff Class suffered damages equal to, among other measures, the drop in the share price of the common stock of C3.ai, Inc.

## COUNT II
### (Violation of the Securities Exchange Act of 1934, Rule 10-b(5)(c); 15 U.S.C. § 78j(c); 17 C.F.R. § 240.10b-5)

44.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33 of the Securities Class Action Complaint as Paragraphs 1 through 33 of Count II of the Securities Class Action Complaint as though actually set forth herein.

45.     Rule 10b-5(c) prohibits engagement in an "act, practice, or course of business" that operates a fraud and deceit.

46. As alleged herein, both Kerrisdale and Adrangi engaged in an act, practice, or course of business intended to manipulate unlawfully the share price of C3.ai, Inc. when they authored and disseminated to the public on Kerrisdale's website and otherwise the April 4, 2023 Letter.

47. In the April 4, 2023 Letter, neither Kerrisdale nor Adrangi set forth any evidence of actual collusion between the national public accounting, auditing and consulting firm Deloitte & Touche LLP and C3.ai, Inc.

48. The statements made in the April 4, 2023 Letter regarding the purported collusion between C3.ai, Inc. and Deloitte & Touche LLP were false when made, or at a minimum were made recklessly, and Kerrisdale and Adrangi knew that the allegations of collusion were false (or acted recklessly) at the time they were made publicly.

49. The statements made in the April 4, 2023 Letter regarding the purported fraudulent nature of the financial statements and reporting of C3.ai, Inc. were false when made, or at a minimum were made recklessly, and Kerrisdale and Adrangi knew that the allegations of collusion were false (or acted recklessly) at the time they were made publicly.

50. The false and deceptive statements reflected in the April 4, 2023 Letter were made by Kerrisdale and Adrangi for the purpose of unlawfully manipulating the stock markets in order that they might reap the profits of the artificially-created investor panic as a result of the short position that Kerrisdale held in the common shares of C3.ai, Inc.

51.    Kerrisdale and Adangi acted in a fashion, as alleged herein, that was designed to affect the price of the shares of C3.ai, Inc. by simulating market conditions that do not reflect genuine investor demand.

52.    The conduct of Kerrisdale and Adrangi had its intended effect as it wrongfully drove down the price of the shares of C3.ai, Inc., causing Kerrisdale to profit substantially from its large short position on the stock.

53.    As a direct and proximate result of the fraudulent act, practice, or course of business, in this instance the April 4, 2023 Letter, Plaintiff and the Plaintiff Class suffered damages equal to, among other measures, the drop in the share price of the common stock of C3.ai., Inc.

## COUNT III
### (Violation of the Securities and Exchange Act of 1934, Rule 9(b); 15 U.S.C. § 78i)

54.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33 of the Securities Class Action Complaint as Paragraphs 1 through 33 of Count III of the Securities Class Action Complaint as though actually set forth herein.

55.    Section 9b of the Securities Exchange Act, 15 U.S.C. § 78i, makes it unlawful to manipulate activity on a national securities exchange, and prohibits manipulative conduct of the securities markets, including in connection with short sales of stock.

56.    As alleged herein, both Kerrisdale and Adrangi engaged in conduct intended to manipulate unlawfully the share price of C3.ai, Inc. when they authored and disseminated to the public on Kerrisdale's website and otherwise the April 4, 2023 Letter.

57.  In the April 4, 2023 Letter, neither Kerrisdale nor Adrangi set forth any evidence of actual collusion between the national public accounting, auditing and consulting firm Deloitte & Touche LLP and C3.ai, Inc.

58.  The statements made in the April 4, 2023 Letter regarding the purported collusion between C3.ai, Inc. and Deloitte & Touche LLP were false when made, or at a minimum were made recklessly, and Kerrisdale and Adrangi knew that the allegations of collusion were false (or acted recklessly) at the time they were made publicly.

59.  The statements made in the April 4, 2023 Letter regarding the purported fraudulent nature of the financial statements and reporting of C3.ai, Inc. were false when made, or at a minimum were made recklessly, and Kerrisdale and Adangi knew that the allegations of collusion were false (or acted recklessly) at the time they were made publicly.

60.  The false and deceptive statements reflected in the April 4, 2023 Letter were made by Kerrisdale and Adrangi for the purpose of manipulating the stock markets in order that they might reap the profits of artificially-created investor panic as a result of the short position that Kerrisdale held in the common shares of C3.ai, Inc.

61.  Kerrisdale and Adrangi acted in a fashion, as alleged herein, that was designed to affect the price of the shares of C3.ai, Inc. by simulating market conditions that do not reflect genuine investor demand.

62.  The conduct of Kerrisdale and Adrangi had its intended effect as it wrongfully drove down the price of the shares of C3.ai, Inc., causing Kerrisdale to profit substantially from its large short position on the stock.

63.     As a direct and proximate result of the fraudulent device, scheme, artifice, practice and course of business and conduct, in this instance the April 4, 2023 Letter, Plaintiff and the Plaintiff Class suffered damages equal to, among other measures, the drop in the share price of the common stock of C3.ai., Inc. and their losses on the sale.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Elizabeth Coffey, individually, and on behalf of the Multi-State Class, respectfully requests that the Court grant certification of the proposed Multi-State Class, including the designation of Plaintiff as the named representatives of the Multi-State Class; the appointment of the undersigned as Class Counsel; the designation of any appropriate issue classes and/or subclasses, under the applicable provisions of FRCP 23; and that the Court enter judgment in Plaintiff's favor, and in favor of all of those who are similarly situated, and against Defendants, Kerrisdale Capital Management, LLC and Sahm Adrangi, as follows:

A.  Injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including but not limited to, an Order prohibiting Kerrisdale and Adrangi from engaging in the wrongful, manipulative and deceptive acts as described herein;

B.  An award of compensatory, consequential, and general damages, including nominal damages, as allowed by law in amounts to be determined;

C.  An award of statutory and punitive damages, as allowed in amounts to be determined;

D. An award of restitution or disgorgement of profits, or alternatively, revenues paid, in amounts to be determined;

E. An award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F. Prejudgment interest on all amounts awarded; and

G. Such other and further relief as the Court may deem just and proper.

Dated this 6th day of April, 2023.

**Respectfully submitted,**

Plaintiff, Elizabeth Coffey


By:*/s/ Daniel J. Voelker*
Her Attorney

Daniel J. Voelker, Esq. (6189578)
**Voelker Litigation Group**
33 N. Dearborn Street, Suite 1000
Chicago, Illinois 60602
312.870.5430
312.505.4841
dvoelker@voelkerlitigationgroup.com