IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH COFFEY and DANIEL KORCZYK, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>KERRISDALE CAPITAL MANAGEMENT, LLC, and SAHM ADRANGI,<br><br>Defendants. | Case No. 1:23-cv-02175 |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).[1]

**I.    Nature of the Case**

   A.    <u>Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.</u>

   **Plaintiffs' Counsel:**

   Daniel J. Voelker, Esq. (lead trial counsel)
   Voelker Litigation Group
   33 N. Dearborn Street
   Suite 1000
   Chicago, Illinois 60602
   312.870.5430
   312.505.4841
   dvoelker@voelkerlitigationgroup.com

---

[1] As noted below, Defendants contend that this action will be subject to an automatic stay of discovery pursuant to the Private Securities Litigation Reform Act ("PSLRA").

**Defendants' Counsel:**

David J. Doyle (lead trial counsel)
Jill C. Anderson
Dylan Smith
Carly M. Allen
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000
(312) 360-6520 (fax)
ddoyle@sgrlaw.com
janderson@sgrlaw.com
dylansmith@sgrlaw.com
callen@sgrlaw.com

B. State the basis for federal jurisdiction.

Federal question, 28 U.S.C. §1331, Section 27 of the U.S. Securities Exchange Act of 1934.

C. Provide a short overview of the case.

In their amended complaint filed May 10, 2023, Plaintiffs assert claims for violation of the United States Securities Exchange Act of 1934, Rule 10b-5(a) & (c) and Section 9(b), as amended, against Defendants, Kerrisdale and Adrangi. The amended complaint alleges that Defendants are "activist" short-sellers of common stock in the publicly-listed and traded C3.ai, Inc., a technology company. The claims arise from an April 4, 2023 letter that Kerrisdale allegedly disseminated to the public and made available on its website (the "April 4, 2023 Letter"). Plaintiffs allege that the April 4, 2023 Letter contained false and deceptive statements for the purpose of manipulating and driving down the price of the common stock in C3.ai, Inc. in order to "cover the short" and generate substantial profits to Kerrisdale and its affiliates. Plaintiffs further allege that the April 4, 2023 Letter had the effect specifically intended by Kerrisdale and Adrangi on the day of its release to the public as well as the following day (April 5, 2023), of driving down the price of the common shares of stock in C3.ai, Inc. by over one-quarter (1/4) of their value, allegedly resulting in a loss

2

to its market capitalization in an amount in excess of one-billion dollars ($1,000,000,000) and causing Kerrisdale and Adrangi to reap substantial profits in Kerrisdale's short position on the C3ai, Inc. common stock.

Defendants contend that their conduct was entirely lawful, that the April 4, 2023 Letter was not false, deceptive, or manipulative. Defendants further contend that the Northern District of Illinois is not the appropriate venue for this action, and that the amended complaint fails to state a claim upon which relief can be granted, for reasons that will be set forth in a motion to dismiss that Defendants intend to file by the June 9, 2023 deadline to respond to the amended complaint.

D. <u>Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.</u>

The amended complaint asserts the following claims.

Count I: United States Securities Exchange Act of 1934, Rule 10b-5(a);

Count II: United States Securities Exchange Act of 1934, Rule 10b-5(c); and

Count III: United States Securities Exchange Act of 1934, Section 9(b).

Defendants have not yet responded to the amended complaint. Accordingly, no counterclaims or affirmative defenses have been asserted.

E. <u>What are the principal factual issues?</u>

Plaintiffs contend that this case raises the following factual issues:

- Whether Kerrisdale and/or Adrangi engaged in the conduct alleged herein;

- Whether Kerrisdale and/or Adrangi engaged in the conduct alleged herein for the purpose of manipulating the share price of C3.ai, Inc.;

- Whether Kerrisdale and/or Adrangi engaged in the conduct alleged herein for the purpose of profiting from their manipulation of the share price of 3C.ai, Inc.;

- Whether the conduct engaged in by Kerrisdale and/or Adrangi was violative of the Securities Exchange Act, Rule 10b-5(a), 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5);

- Whether the conduct engaged in by Kerrisdale and/or Adrangi was violative of the Securities Exchange Act, Rule 10b-5(c), 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5); and

- Whether the conduct engaged in by Kerrisdale and/or Adrangi was violative of the Securities Exchange Act, Section 9(b), 15 U.S.C. § 78i.

Defendants contend that this action raises no factual issues, as the amended complaint (including all documents incorporated by reference) fails to state a claim as a matter of law. To the extent this action raises any factual issues, these include whether the April 4, 2023 Letter contains any untrue statement of material fact, whether Defendants engaged in any manipulative or deceptive conduct, whether they acted with intent to defraud, whether Plaintiffs relied on any purported misrepresentations, and whether Defendants can prove economic loss or loss causation.

F. <u>What are the principal legal issues?</u>

**For Plaintiffs**: See answer to Question D. above.

**For Defendants**: Whether this matter is properly venued in this District, and whether the amended complaint states a claim under the Securities Exchange Act and the pleading standards prescribed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, including whether Plaintiffs adequately allege deceptive or manipulative conduct, scienter, economic loss, and/or loss causation.

G. <u>What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?</u>

Compensatory money damages for the class.

H. <u>Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.</u>

Yes, both Defendants have been served.

**II. Case Scheduling and Discovery**

A. <u>Propose a discovery schedule.</u>

4

**Plaintiffs' proposed schedule:**

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | June 30, 2023 |
| Service of process on any "John Does" | None |
| Completion of Fact Discovery | September 30, 2023 |
| Disclosure of Plaintiffs' Expert Report(s) | October 31, 2023 |
| Deposition of Plaintiffs' Expert | November 17, 2023 |
| Disclosure of Defendants' Expert Report(s) | December 15, 2023 |
| Deposition of Defendants' Expert | January 12, 2024 |
| Dispositive Motions | February 12, 2024 |

**Defendants' position:**

Upon the filing of Defendants' motion to dismiss, discovery shall be stayed automatically under the PSLRA:

> In *any* private action arising under this chapter, *all* discovery and other proceedings *shall* be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added); *see Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019) ("The PSLRA imposes an automatic stay on discovery while a motion to dismiss is pending, absent exceptional circumstances.").

B. <u>How many depositions do the parties expect to take?</u>

Plaintiffs anticipate taking six (6) depositions, excluding experts. As noted, Defendants contend that discovery must be stayed pending resolution of their motion to dismiss, but would

5

anticipate taking the depositions of at least the named plaintiffs if this action were to proceed beyond the pleading stage

    C.    <u>Do the parties foresee any special issues during discovery?</u>

Plaintiffs do not envision any at this time. As noted, Defendants contend that, upon the filing of their motion to dismiss, discovery "shall be stayed" pursuant to the PSLRA. 15 U.S.C § 78u-4(b)(3)(B).

    D.    <u>Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?</u>

The parties have not discussed a discovery plan.

## III. <u>Trial</u>

    A.    <u>Have any of the parties demanded a jury trial?</u>

Yes, Plaintiffs have requested a jury trial.

    B.    <u>Estimate the length of trial.</u>

Plaintiffs estimate five (5) days for trial. At this time, Defendants lack a sufficient basis to estimate the length of any trial.

## V. <u>Settlement, Referrals, and Consent</u>

    A.    <u>Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)</u>

Plaintiffs have made a written settlement offer that Defendants have rejected.

    B.    <u>Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?</u>

No, the parties believe that it is premature at this time to do so.

  C. <u>Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties **unanimously consent** to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.</u>

Plaintiffs do not consent to proceed with before the Magistrate Judge for all purposes.

**IV.** **Other**

  A. <u>Is there anything else that the plaintiff(s) wants the Court to know?</u>

No.

  B. <u>Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)</u>

No.

| | |
|---|---|
| */s/ Daniel J. Voelker*<br>Daniel J. Voelker, Esq.<br>VOELKER LITIGATION GROUP<br>33 N. Dearborn Street<br>Suite 1000<br>Chicago, Illinois 60602<br>312.870.5430<br>312.505.4841<br>dvoelker@voelkerlitigationgroup.com<br>*Attorney for Plaintiffs* | /s/ *Dylan Smith*<br>David J. Doyle<br>Jill C. Anderson<br>Dylan Smith<br>Carly M. Allen<br>SMITH, GAMBRELL & RUSSELL, LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, Illinois 60606<br>(312) 360-6000<br>(312) 360-6520 (fax)<br>ddoyle@sgrlaw.com<br>janderson@sgrlaw.com<br>dylansmith@sgrlaw.com<br>callen@sgrlaw.com<br>*Attorneys for Defendants* |