IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH COFFEY and DANIEL KORCZYK, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KERRISDALE CAPITAL MANAGEMENT, LLC, and SAHM ADRANGI, <br><br> Defendants. | No. 23-cv-02175 <br><br> Judge John F. Kness |

**ORDER**

Plaintiffs' Motion for Appointment as Lead Plaintiffs and Appointment of Their Attorney as Class Counsel (Dkt. 25) is granted. See accompanying Statement for details. Oral argument on Defendants' pending Motion to Dismiss (Dkt. 20) will be set by separate order.

**STATEMENT**

Before the Court is Plaintiffs Elizabeth Coffey and Daniel Korczyk's (the "Movants") motion for appointment as lead plaintiffs in a private securities class action. Movants also request the appointment of their attorney as class counsel. Movants, who were shareholders of the company C3.ai, Inc. ("C3.ai"), bring claims under Section 10b-5 and Section 9(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), alleging that Defendants made "knowingly false and deceptive derogatory statements" about C3.ai to drive down the company's stock price. (Dkt. 19 ¶ 3.) Movants filed an amended complaint on June 15, 2023 (Dkt. 19), published notice to members of the putative class on June 20, 2023, and timely filed this motion on July 29, 2023. (Dkt. 25 ¶ 10). No other plaintiff filed a motion in response to the notice.

The Private Securities Litigation Reform Act ("PSLRA") requires courts to appoint a lead plaintiff in private class actions to represent the purported plaintiff class. 15 U.S.C. § 78u-4(a)(3)(B). Courts must appoint as lead plaintiff "the member

or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Defendants argue that this portion of the PSLRA is designed for "situations where there are competing class members for the designation of lead plaintiff," and that, because there are no competing class members, "there is no need for the Court to determine who among competing movants is 'most capable' of representing class members' interests."[1] (Dkt. 29 at 2.) But the Court must determine the adequacy of a class member moving for appointment as lead plaintiff even if there are no competing motions. *See Shah v. Zimer Biomet Holdings, Inc.*, 2017 WL 1207158, at *1–2 (N.D. Ind. Apr. 3, 2017) (determining the adequacy of movants as co-lead plaintiffs when no other class members moved for appointment); *Armstrong v. Medical Properties Tr., Inc.*, 2024 WL 3784445, at *4–5 (S.D.N.Y. Aug. 13, 2024) (determining the adequacy of movant for appointment as lead plaintiff when "no competing motion" had been filed); *Fagen v. Enviva Inc.*, 2023 WL 1415628, at *1–2 (D. Md. Jan. 31, 2023) ("Although there is only one movant seeking lead plaintiff status here . . . [,] the court must examine the record to determine whether he meets the requirements" under the PSLRA); *Glazing Employers and Glaziers Union Loc. #27 Pension and Ret. Fund v. iRythm Technologies, Inc.*, 2024 WL 2191943, at *1–2 (N.D. Cal. May 15, 2024) (evaluating the adequacy of a movant for appointment as lead plaintiff when "[n]o competing motions were filed.").

To determine the adequacy of a movant seeking appointment as lead plaintiff, the Court must adopt a rebuttable presumption that the "most adequate plaintiff in any private action" arising under the PSLRA is the person or group of persons that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). In addition, the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts "should not disturb the lead plaintiff's choice of class counsel unless necessary to protect the interests of the class." *Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *11 (N.D. Ill. Oct. 8, 2019) (cleaned up).

Movants satisfy the requirements for appointment as lead plaintiffs under the PSLRA. First, Movants both asked (Dkt. 25) to be appointed as lead plaintiffs after

---

[1] Defendants do not otherwise appear to oppose Plaintiffs' motion, stating that they "take no position" on whether Movants meet the requirements for appointment as "lead counsel." (Dkt. 29 at 3–4.) The Court construes Defendants' brief to state that Defendants take no position on whether Movants meet the requirements for appointment as lead plaintiff as well.

they filed the amended complaint in this case. (Dkt. 19; Dkt. 25 ¶¶ 2–3.) Second, because no one else has moved for appointment as lead plaintiffs, no other plaintiff alleges a larger financial interest than Movants, who both claim to have lost money in connection with their investment in C3.ai. (Dkt. 19 ¶¶ 23–29.) *See Moore v. Checkpoint Therapeutics, Inc.*, 2024 WL 3090623, at *2 (S.D.N.Y. Jun. 21, 2024) ("Because no prospective lead plaintiff with a larger financial stake in this case has come forward, and the Court does not have access to non-parties' financial records, the Court must assume that [movant's] financial interest renders him suitable to serve as lead plaintiff."). Movants therefore meet the first two requirements to establish a rebuttable presumption that they are the most adequate plaintiffs for appointment.

Third, "the relevant Rule 23 criteria are typicality and adequacy." *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019). A lead plaintiff "meets the typicality requirement if its claims or defenses . . . are typical of the claims or defenses of the class." *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012). Movants' claims are typical of a class suing short-seller Defendants for securities fraud because they both involve holding shares of C3.ai stock at the time that Defendants allegedly made false and deceptive statements that intentionally drove down the C3.ai stock price. (Dkt. 19 ¶¶ 23–29.)

Movants are also adequate representatives of the class. A lead plaintiff meets the adequacy requirement of Rule 23 if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who is able to prosecute the litigation vigorously. *In re Groupon, Inc.*, 2012 WL 3779311, at *3 (quoting *City of Sterling Heights Gen. Emp. Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *9 (N.D. Ill. Apr. 18, 2012)). No evidence suggests that Movants have any antagonistic claims or that their claims are otherwise in conflict with those of the class. Given the loss of value in their C3.ai investments, Movants also demonstrate sufficient interest in the case. Plaintiff Daniel Korczyk alleges loss of $28,950 in connection with his C3.ai investment. (Dkt. 19 ¶ 27.) Although Plaintiff Elizabeth Coffey alleges that she lost a mere $24.30 from the sale of her 5.33426 shares in C3.ai (*id.* at ¶ 24), the alleged loss nevertheless constitutes an approximate 16% drop in the value of Ms. Coffey's initial investment. (*See id.* at ¶¶ 23–24.) Movants have also both expressed their willingness to serve as a representative party on behalf of a class, further supporting their interest in the case. (Dkt. 19-1 ¶ 4; Dkt. 19-2 ¶ 4.) And Movants' counsel demonstrates that he is competent, experienced, and able to prosecute this case. (Dkt. 25 ¶ 28.) Movants thus show that they meet the Rule 23 criteria for typicality and adequacy.

Because Movants filed the complaint in the case, have demonstrated the largest financial interest in the relief sought by the class, and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, they are entitled to the rebuttable presumption that they are the most adequate plaintiffs in the action.

No other plaintiffs having contested their appointment, Movants are appointed as lead plaintiffs in this case.

Finally, Movants seek the appointment of their attorney, Daniel J. Voelker, as class counsel. (Dkt. 25.) Courts "should not disturb the lead plaintiff's choice of class counsel unless necessary to protect the interests of the class." *Hedick*, 2019 WL 4958238, at *11. Mr. Voelker has had experience and success litigating class action lawsuits in the past, and there is no apparent and compelling reason to disturb Movants' choice of counsel. (*See* Dkt. 25 ¶ 28.) Accordingly, Mr. Voelker is appointed as lead counsel.

For these reasons, Plaintiffs' motion is granted.

SO ORDERED in No. 23-cv-02175.

Date: March 28, 2025

JOHN F. KNESS
United States District Judge